# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| WILLIAM PEEBLES, ) | Cause No: **20-CV-00528** |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| vs. ) | |
| ) | |
| KEN RAINWATER, ) | |
| Serve at: ) | |
| 475 Pearl Drive ) | |
| O'Fallon, MO, 63376 ) | |
| ) | |
| and ) | |
| ) | |
| ECLIPSE ADVANTAGE, LLC, ) | |
| Serve at: ) | |
| C T CORPORATION SYSTEM ) | |
| 120 South Central Ave ) | |
| Clayton, MO 63105 ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COLLECTIVE / CLASS ACTION COMPLAINT UNDER THE FLSA AND MISSOURI LAW

Plaintiff William Peebles ("Plaintiff") brings this action individually and on behalf of all current and former industrial athletes (hereinafter "Plaintiff and the Putative Class Members") who worked for Defendant Eclipse Advantage, LLC (hereinafter "Defendant"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act as amended, 29 U.S.C. § 216(b), and pursuant to the Missouri Minimum Wage Law, R.S.Mo. § 290.500 *et seq.* and Missouri common law.

Plaintiff's FLSA claims for unpaid wages are asserted as a collective action under Section 16(b) of the FLSA while his Missouri state-law claims and common-law claims for unpaid wages are asserted as a class action under Federal Rule of Civil Procedure 23(b)(3).

Plaintiff also brings this action individually against Defendant Eclipse Advantage, LLC, and Defendant Ken Rainwater to recover liquidated and/or punitive damages, compensatory damages, lost wages, and attorney's fees and costs under the FLSA for his retaliatory termination.

### OVERVIEW

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the laws of the State of Missouri.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who are current and former industrial athletes employed by Defendant at any time during the relevant statutes of limitation through the final disposition of this matter and were not paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.      Specifically, Defendant enforced policies to short its employees' pay. Defendant enforced a policy where it paid employees based on "productivity" instead of hours worked. Defendant also enforced a uniform policy to automatically deducted thirty-minute breaks each shift after four hours worked.

4.      Defendant's policies caused Plaintiff and the Putative Class Members to work hours that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.      Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime

of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.     Defendant knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant statutes of limitation.

7.     Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Missouri state law.

8.     Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Missouri state-law claims as a class action pursuant to Federal Rule of Civil Procedure 23.

9.     Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.     Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff designated herein be named as Class Representative for the Missouri Common-Law Class.

**PARTIES**

11.     Plaintiff William Peebles is a citizen of the state of Missouri and currently resides in Florissant, MO, 63031.

12.     The Putative Class Members are current and former industrial athletes employed by Defendant at any time during the relevant statutes of limitation through the final disposition of

3

this matter and were subjected to the same illegal pay system under which Plaintiff worked and was paid.

13.     Defendant Ken Rainwater is a citizen of the state of Missouri and currently resides in Troy, MO, 63379.

14.     Defendant Eclipse Advantage, LLC is a foreign limited liability company registered to do business in Missouri. Defendant is located at 475 Pearl Drive, O'Fallon, MO, 63376

### JURISDICTION AND VENUE

15.     This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16.     This Court has supplemental jurisdiction over the additional Missouri state-law claims pursuant to 28 U.S.C. § 1367.

17.     This Court has personal jurisdiction over Defendant because the cause of action arose within this district as a result of Defendant's conduct within this District and Division.

18.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

### STATEMENT OF FACTS COMMON TO ALL COUNTS

19.     Defendant Eclipse Advantage, LLC is a warehouse-based company that provides product distribution services to companies, including packing, shipping, and receiving products.

20.     In April 2018, Plaintiff discovered a job listing for a position with Defendant on the website Indeed for the position of "Industrial Athlete." The job listing on Indeed indicated the position for industrial athlete paid $18.00 per hour.

21.     Plaintiff interviewed for the position with Ken Rainwater shortly after applying for the position in April 2018.

22.     Mr. Rainwater offered Plaintiff the job during his interview. Plaintiff accepted and began working immediately.

23.     The job duties of an industrial athlete included receiving and packing shipments, unloading and loading trailers, breaking down palettes, and forklift operations.

24.     Plaintiff and the Putative Class Members were (and are) non-exempt employees, paid on a "productivity" basis by Defendant.

25.     At hiring, Mr. Rainwater told Plaintiff Eclipse would pay him a weekly and his rate of pay would be based on his "productivity." Mr. Rainwater told Plaintiff the more trucks he unloaded in less time, the more money he would make.

26.     Mr. Rainwater was unable to provide any other information about Defendant's pay policies, but assured Plaintiff would not make less than $18.00 per hour.

27.     Plaintiff never received documentation that explained his rate of pay or the "productivity" pay method.

28.     The Putative Class Members were generally scheduled to work 5 shifts each week with varying days off.

29.     The Putative Class Members went into work at the beginning of their shift and stayed until the work was completed.

30.     The Putative Class Members used a time clock with a fingerprint to clock in and out at the beginning and end of each shift.

31.     The length of a shift varied depending on how many trucks needed to be unloaded. The Putative Class Members worked from 3 to upwards of 10 hours during a shift.

32.     The Putative Class Members sometimes worked between sixty-five to ninety hours a week if a week was busy.

33.     During Plaintiff's employment, Defendant did not properly pay the Putative Class Members for all hours worked.

34.     The Putative Class Members generally did not receive overtime pay from Defendant. Instead, their paystubs reflected compensation for only 30-40 hours of work regardless of how many hours the Putative Class members actually worked.

35.     Defendant also deducted time from the Putative Class Members' shifts to prevent them from receiving overtime.

36.     The time clock system automatically deducted a 30-minute lunch break from each Putative Class Member's shift if the shift was over 4 hours long.

37.     The Putative Class Members did not take lunch breaks. The company culture encouraged the industrial athletes to work fast and without stopping to maximize productivity and payment.

38.     Plaintiff asked Mr. Rainwater about his pay and lunch break deductions several times at the beginning of his employment.

39.     Mr. Rainwater could not explain the deductions to him, but told Plaintiff the faster he worked, the more money he received. Mr. Rainwater encouraged Plaintiff to work through lunch so employees could earn more money.

40.     Defendant also paid Putative Class Members different amounts per shift, whether or not they worked the same number of hours.

6

41.     Around the beginning of 2019, Plaintiff noticed other Putative Class Members who clocked in and out at the exact same time as Plaintiff were not paid the same amount of money as Plaintiff.

42.     Despite working the same number of hours in the same position, the other Putative Class Members were paid at either higher or lower rates than Plaintiff.

43.     Plaintiff approached Mr. Rainwater to ask about the varying pay. Mr. Rainwater could not explain why certain employees made more or less than other employees despite working the same amount.

44.     Defendant continued to short the Putative Class Members' pay without explanation.

45.     For instance, in early November 2019, Plaintiff worked a "light" week and unloaded an average of 70 trucks each day. Plaintiff worked approximately 30-35 hours that week.

46.     Plaintiff made approximately $21.85 an hour for the week.

47.     The following week, however, Plaintiff worked a "busy" week, and unloaded over 100 trucks each day. Plaintiff worked between 60-65 hours that week.

48.     Plaintiff expected to earn more than the light week given his productivity, but only earned approximately $20.93 per hour that week.

49.     Plaintiff's pay stub for that week also only reflected 35 hours of work without overtime.

50.     Plaintiff asked Mr. Rainwater why the pay was lower than the week before even though they had a more productive week.

51.     Mr. Rainwater told Plaintiff the overall pay was less because "so many guys hit overtime."

52.     Mr. Rainwater did not explain to Plaintiff how overtime pay affected his regular rate of pay or his hours.

53.     Shortly after that conversation, Mr. Rainwater terminated Plaintiff from his employment with Defendant on December 3, 2019.

54.     Defendant knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked, "off-the-clock" work, and or overtime work in excess of forty (40) hours per workweek on a routine and regular basis during the relevant time period.

CLASS / COLLECTIVE CLAIMS
AGAINST DEFENDANT ECLIPSE ADVANTAGE, LLC

COUNT 1: THE FAIR LABOR STANDARDS ACT

A.     FLSA COVERAGE

55.     All previous paragraphs are incorporated as though fully set forth herein.

56.     The FLSA Collective is defined as:

**ALL INDUSTRIAL ATHELETES WHO WERE EMPLOYED BY DEFENDANT ECLIPSE ADVANTAGE, LLC IN MISSOURI, AT ANY TIME FROM APRIL 14, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

57.     Defendant Eclipse Advantage, LLC is an employer within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

58.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any

closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00.

59.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

60.     In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

61.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce as required by 29 U.S.C. §§ 206–07.

62.     The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 56.

63.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

64.     Defendant has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess

of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

65.      Moreover, Defendant knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

66.      Defendant knew or should have known its pay practices were in violation of the FLSA.

67.      Defendant is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

68.      Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendant to pay them according to the law.

69.      The decision and practice by Defendant to not pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

70.      Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.      COLLECTIVE ACTION ALLEGATIONS**

71.      All previous paragraphs are incorporated as though fully set forth herein.

72.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendant's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

73.     Other similarly situated employees of Defendant have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

74.     The FLSA Collective Members are defined in Paragraph 56.

75.     Defendant's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendant, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

76.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

77.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

78.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

79.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

80.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations.

11

81.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

82.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 56 and notice should be promptly sent.

## COUNT II: THE MISSOURI MINIMUM WAGE LAW

### A.     MISSOURI MINIMUM WAGE LAW COVERAGE

83.     All previous paragraphs are incorporated as though fully set forth herein.

84.     The Missouri Minimum Wage Law Class is defined as:

**ALL INDUSTRIAL ATHLETES WHO WERE EMPLOYED BY DEFENDANT ECLIPSE ADVANTAGE, LLC IN MISSOURI, AT ANY TIME FROM APRIL 14, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Missouri Class" or "Missouri Class Members").**

85.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Missouri Minimum Wage Law, R.S.Mo. § 290.500(4).

86.     At all times hereinafter mentioned, Plaintiff and the Missouri Class Members have been employees within the meaning of the Missouri Minimum Wage Law, R.S.Mo. § 290.500(3).

### B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE MISSOURI MINIMUM WAGE LAW

87.     All previous paragraphs are incorporated as though fully set forth herein.

88.     Defendant owes Plaintiff and the Missouri Class Members wages, as defined in section 290.500(7) of the Act, to compensate them for labor and services they provided to Defendant in the furtherance of their job duties. See R.S.Mo. § 290.500(7).

89.     Plaintiff and the Missouri Class Members are not exempt from receiving overtime benefits under the Missouri Act.

90.     Plaintiff and the Missouri Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Defendant violated the Missouri Minimum Wage Law by failing to pay Plaintiff and the Missouri Class Members for all hours worked on Defendant's behalf, and for failing to pay the correct amount of overtime for all hours worked over forty (40) per week. See R.S.Mo. §§ 290.502, 290.505.

91.     Plaintiff and the Missouri Class Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

92.     The Missouri Minimum Wage Law provides that Plaintiff and the Missouri Class Members are entitled to recover the unpaid wages and an equal amount as liquidated damages. See R.S.Mo. §§ 290.527.

93.     In violating the Missouri Minimum Wage Law, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Missouri law.

94.     The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Missouri Act, is defined in Paragraph 84.

95.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

**C.     MISSOURI MINIMUM WAGE LAW CLASS ALLEGATIONS**

96.     Plaintiff brings his Missouri Act claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendant to work in Missouri since April 14, 2018.

13

97.    Class action treatment of Plaintiff's Missouri Minimum Wage Law claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

98.    The number of Missouri Class Members is so numerous that joinder of all class members is impracticable.

99.    Plaintiff is a member of the Missouri Class, his claims are typical of the claims of the Missouri Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the Missouri Class Members.

100.   Plaintiff and his counsel will fairly and adequately represent the Missouri Class Members and their interests.

101.   Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

102.   Accordingly, the Missouri Class should be certified as defined in Paragraph 84.

<h3 style="text-align:center">COUNT III: BREACH OF CONTRACT</h3>

103.   All previous paragraphs are incorporated as though fully set forth herein.

104.   During times relevant, Plaintiff and all Missouri Class Members entered into contracts with Defendant whereby such persons agreed to perform services as part of their employment by Defendant and Defendant agreed to compensate such persons for all such services based upon specified hourly rates of pay (hereinafter "the contracts").

105.   Defendant breached and violated the contracts by failing to pay Plaintiff and the Missouri Class Members for time worked.

106.   Prior to Defendant's breach and violation of the contracts, Plaintiff and the Missouri Class Members performed their duties under the contracts.

107.   As a direct result of Defendant's violations and breaches of the contracts, as aforesaid, Plaintiff and the Missouri Class Members have been damaged.

108.   Plaintiff and the Missouri Class Members are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

109.   Plaintiff and the Missouri Class Members are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

110.   WHEREFORE, on Count III of this Complaint, Plaintiff and the Missouri Class Members demand judgment against Defendant and seek compensatory damages; pre-judgment and post-judgment interest as provided by law; and such other relief as the Court deems fair and equitable.

## COUNT IV: QUANTUM MERUIT

111.   All previous paragraphs are incorporated as though fully set forth herein.

112.   Defendant recognized the benefits conferred upon it by Plaintiff and the Missouri Class Members.

113.   Defendant accepted and retained the benefits under circumstances that would render such retention inequitable.

114.   Defendant has thereby been unjustly enriched and Plaintiff and the Missouri Class Members are damaged.

115.    The payment requested by Plaintiff and the Missouri Class Members for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality were the services were rendered.

116.    Plaintiff and the Missouri Class Members are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

117.    Plaintiff and the Missouri Class Members are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

118.    WHEREFORE, on Count IV of this Complaint, Plaintiff and the Missouri Class Members demand judgment against Defendant and seek compensatory damages; pre-judgment and post-judgment interest as provided by law; and such other relief as the Court deems fair and equitable.

### COUNT V: UNJUST ENRICHMENT

119.    All previous paragraphs are incorporated as though fully set forth herein.

120.    Plaintiff and the Missouri Class Members conferred benefits on Defendant and Defendant received such benefits conferred upon it by Plaintiff and the Missouri Class Members.

121.    Defendant appreciated the benefits.

122.    Defendant accepted and retained the benefits under circumstances that render such retention inequitable.

123.    Defendant has thereby been unjustly enriched and/or Plaintiff and the Missouri Class Members have been damaged.

16

124.    Plaintiff and the Missouri Class Members are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

125.    Plaintiff and the Missouri Class Members are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

126.    WHEREFORE, on Count V of this Complaint, Plaintiff and the Missouri Class Members demand judgment against Defendant and pray for compensatory damages; pre-judgment and post-judgment interest as provided by law; and such other relief as the Court deems fair and equitable.

### INDIVIDUAL CLAIMS
### AGAINST ALL DEFENDANTS

### COUNT VI: RETALIATION
### in Violation of the Fair Labor Standards Act

127.    Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

128.    Plaintiff is an employee as defined by 29 U.S.C. § 203(e).

129.    Defendant Eclipse Advantage, LLC is an employer as defined by 29 U.S.C. § 203(r).

130.    Defendant Ken Rainwater is a person acting directly in the interest of an employer as defined in 29 U.S.C. § 203(d).

131.    Plaintiff engaged in activity protected by the FLSA, including but not limited to the following: (a) making a claim to Defendants for failure to pay wages and overtime wages; and (b) complaining that Plaintiff was entitled to compensation after Defendant refused to pay Plaintiff.

132.    Plaintiff was retaliated against and terminated because of this protected activity.

17

133.     Defendants' actions violated the anti-retaliation provision of the FLSA, 29. U.S.C. 215(a)(3).

134.     As a direct and proximate result of Defendants' unlawful retaliation against Plaintiff, Plaintiff sustained and continues to sustain damages.

135.     Defendant's actions were intentional, willful, knowing, wanton, and malicious, and in flagrant disregard for Plaintiff's rights, and entitles Plaintiff to an award of punitive and or liquidated damages.

136.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks reinstatement, and damages of lost wages, compensatory damages, liquidated damages, pre- and post-judgment interest, attorney's fees and costs, and any other relief as may be allowed by the Court.

## CONCLUSION

137.     WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, awarding all unpaid wages, including overtime, lost wages and benefits, reinstatement, liquidated damages, front wages, emotional distress damages, compensatory damages, punitive damages, pre- and post-judgment interest, and attorney's fees and costs, as well as any other relief this Court deems may be just and proper.

## DEMAND FOR JURY TRIAL

138.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by a jury.

By:      /s/ Sarah Jane Hunt
         Thomas E. Kennedy
         Sarah Jane Hunt
         MaryAnne Quill
         **KENNEDY HUNT, P.C.**
         906 Olive St., Ste. 200
         St. Louis, MO, 63101
         314-872-9041 telephone

tkennedy@kennedyhuntlaw.com
sarahjane@kennedyhuntlaw.com
mquill@kennedyhuntlaw.com

**ATTORNEYS FOR PLAINTIFF
AND PUTATIVE CLASS MEMBERS**