UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM PEEBLES, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-00528-SRC |
| ) | |
| KEN RAINWATER, et al., ) | |
| ) | |
| Defendant(s). ) | |

### Order Granting Preliminary Approval of Class Action Settlement

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Doc. 53. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendants have entered into a Joint Stipulation and Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") resolving all claims in this case. The Court reviewed the record and the Settlement Agreement attached to the motion. The Court grants Plaintiff's motion for preliminary approval of the Settlement Agreement and appoints Simplurus as Settlement Administrator.

The Court orders as follows:

1. Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

2. The Court finds, on a preliminary basis, that the Settlement Agreement and the Settlement Formula is fair, reasonable, and adequate.

3. The Settlement Agreement was negotiated at arm's-length between counsel for the Parties who are experienced in class action litigation.

4. For settlement purposes only, the Court preliminary certifies the following Settlement Class:

> All employees who held the position of Industrial Athlete at Defendant's 475 Pearl Drive, St. Peters, Missouri 63376 location and Defendant's 18249 Quarry Road, Warrenton, Missouri 63383 location from April 14, 2017 through January 8, 2021.

The Court provisionally finds, for settlement purpose only, that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of Settlement Class Members; (d) the Settlement Class Representative and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

5. The Court finds that notice to the proposed Settlement Class is justified because Plaintiff has shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2) and (ii) certify the proposed Settlement Class for purposes of settlement.

6. The Court concludes that it has subject matter and personal jurisdiction over the parties before it for purposes of the Settlement. Additionally, venue is proper in this Court as a substantial portion of the acts and transactions complained of occurred in this District.

7. For settlement purposes only, the Court appoints William Peebles as Class Representative and Sarah Jane Hunt and MaryAnne Quill as Class Counsel.

> Sarah Jane Hunt
> MaryAnne Quill
> 4500 West Pine Blvd.
> St. Louis, MO 63108
> Telephone: (314) 872-9041

Fax: (314) 872-9043
sarahjane@kennedyhuntlaw.com
mquill@kennedyhuntlaw.com

8. The Court appoints Simplurus as the Settlement Administrator to perform all duties described in the Settlement Agreement or ordered by this Court.

9. The Court finds that the Settlement Agreement's Notice Program is the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and other applicable laws. The proposed Notice is accurate, objective, and informative. It provides the Settlement Class with all of the information necessary to evaluate the fairness of the Settlement and to make an informed decision regarding whether to participate in the Settlement.

10. Any person in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Opt-Out Deadline. To be valid, any request for exclusion must: (a) be in writing; (b) identify the case name *Peebles v. Rainwater, et al.*, and case number, Case No. 4:20-cv-00528-SRC; (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be physically signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Opt-Out Deadline. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Peebles v. Rainwater et al.*" A request for exclusion that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked or delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. Any person who

effectively Opts-Out of the Settlement Class shall not: (a) be bound by any orders or Final Judgment entered in the Action; (b) receive a Settlement Payment under this Settlement Agreement; (c) gain any rights by virtue of this Settlement Agreement; or (d) be entitled to object to any aspect of this Settlement Agreement or Final Judgment. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

11. Any person who effectively Opts-Out of the Settlement Class shall not: (a) be bound by any orders or Final Judgment entered in the Action, (b) receive a Settlement Payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement or Final Judgment.

12. Any person in the Settlement Class who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address; (b) a statement that he or she believes himself or herself to be a member of the Settlement Class; (c) the specific grounds for the objection; (d) all documents or writings that the Settlement Class Member desires the Court to consider; (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (f) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek pro hac vice admission). All written objections must be filed with the Court and postmarked, e-mailed or delivered to Class Counsel and Defendant's Counsel no later than the Objection/Opt-Out Deadline. Any person in the Settlement Class who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval

4

Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement or Final Judgment by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

13. The Court schedules a Final Approval Hearing for November 1, 2021, in Courtroom 14 North of the Thomas F. Eagleton United States Courthouse, 111 South 10th Street, St. Louis, Missouri 63012 at 3:00 p.m., to consider, among other things, (1) whether to finally approve the Settlement; (2) whether to approve Class Counsel's request for attorneys' fees and litigation costs; and (3) whether to approve the Class Representative's requests for incentive awards.

14. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to Settlement Class Members. At or following the Final Approval Hearing, the Court may enter a Final Judgment approving the Settlement and entering a Final Approval Order in accordance with the Settlement that adjudicates the rights of all Settlement Class Members.

So Ordered this 1st day of July, 2021.

*SLR.CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTICT JUDGE**